UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE L. STAPLES, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV306 JCH |
| | ) | |
| JOHNS MANVILLE, INC. and | ) | |
| JAY HENGES ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion to Lift the Pending Stay, filed June 24, 2009. (Doc. No. 30). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed his Complaint in the instant matter nearly a year and a half ago, on March 5, 2008. (See Complaint (Doc. No. 1)). On the basis of information and belief, the Complaint named two corporations as Defendants: Johns Manville, Inc. ("Defendant"), and Jay Henges Enterprises, Inc. On May 7, 2008, Defendant requested that this Court stay litigation in this matter pending the United States Patent and Trademark Office's ("USPTO") *ex parte* reexamination process. (Doc. No. 11). Plaintiff agreed that a limited stay would be beneficial to all parties involved and to the Court, as the USPTO's expertise likely could be used to narrow the scope of the lawsuit. (Doc. No. 16). This Court granted the requested stay on May 20, 2008. (Doc. No. 17).

On July 31, 2008, Plaintiff and Defendant submitted a joint statement requesting that the stay be continued. (Doc. No. 18). The parties informed the Court that on July 21, 2008, the USPTO granted Defendant's request for *ex parte* reexamination, finding a substantial new question of patentability based on the submitted prior art reference. (Id.). This Court granted the continuance on August 6, 2008, to allow the USPTO to pursue its *ex parte* reexamination. (Doc. No. 19).

On December 10, 2008, Plaintiff and Defendant informed the Court that on November 28, 2008, the USPTO issued an office action in this reexamination, confirming the patentability of claim 7 of U.S. Patent No. 5,910,088 (the "'088 patent"), and rejecting claims 1-6, 8, and 9.[1] (Doc. No. 21). On April 23, 2009, Plaintiff and Defendant informed the Court that on April 13, 2009, the USPTO issued a second office action in this reexamination, confirming the patentability of claims 11, 12 and 16 of the '088 patent, and rejecting claims 1-10 and 13-15.[2] (Doc. No. 26). The Court agreed to continued stays following both submissions. (Doc. Nos. 22, 27).

As stated above, Plaintiff filed the instant Motion to Lift the Pending Stay on June 24, 2009. (Doc. No. 30). Through the parties' submissions the Court learned that on May 27, 2009, the USPTO confirmed the patentability of all pending claims of the '088 patent (claims 2-7 and 10-16), except for claim 1. (Doc. No. 31, P. 3). Further, on June 4, 2009, Plaintiff responded to the USPTO's office action by cancelling the only rejected claim. (Id.). On June 24, 2009, Defendant filed a request for a second *ex parte* reexamination of the '088 patent, in light of nine new prior art references not previously considered by the USPTO and allegedly not known to Defendant at the time of requesting the first reexamination. (Doc. No. 33, PP. 2-3). Finally, on June 25, 2009, the USPTO effectively terminated the first reexamination by issuing its Notice of Intent to Issue an Ex Parte Reexamination Certificate.[3] (Doc. No. 34, P. 1).

Upon consideration of the foregoing, the Court will grant Plaintiff's Motion to Lift the Pending Stay. While it is true the USPTO could reverse its previous decision in the second requested

---

[1] The rejection was non-final.

[2] Again, the rejection was non-final.

[3] In an earlier request to continue the stay, Defendant acknowledged that by issuing a Notice of Intent to Issue *Ex Parte* Reexamination Certificate, the USPTO in effect declares that its analysis is complete. (Doc. No. 28, P. 4).

reexamination submitted by Defendant, it would be inappropriate for the Court to stay this litigation further based solely on such speculation. This is especially true in light of the fact that at this juncture the USPTO has not even granted the request for the second *ex parte* reexamination, much less ruled in Defendant's favor.[4]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Lift the Pending Stay (Doc. No. 30) is **GRANTED**.

Dated this 29th day of July, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] The Court feels confident Defendant will notify it promptly of any action by the USPTO during the second reexamination process that might impact this litigation.